Eastern District of Kentucky
FILED
NOV 30 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-606-GWU

DONNA J. COOTS, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

**INTRODUCTION**

The plaintiff filed an application for Disability Insurance Benefits (DIB) on June 30, 1993 (Tr. 34-6). After several administrative denials and appeals, and a period of reconsideration prompted by this Court's remand of January 26, 2005, Coots v. Barnhart, London Civil Action No. 04-17-GWU (E.D. Ky.) (Tr. 678-90), the case is again before the Court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of

fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these

symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be

considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2

and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term

"framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The focus of the Court's remand was the failure of the Administrative Law Judge (ALJ) to consider the opinion of disability given by the plaintiff's treating family physician, Dr. Richard Stoltzfus, during the period at issue in the application, which runs from the plaintiff's alleged onset date of December 17, 1992 (Tr. 34) to her Date Last Insured (DLI) of September 30, 1996 (Tr. 517). Late in 1992, Dr. Stoltzfus was treating the plaintiff for high blood pressure and mitral valve prolapse, as well as recurrent diarrhea. (E.g., Tr. 110). On January 29, 1993, he noted that the plaintiff had not been able to work because of "marked weakness" and referred to a "statement of disability/incapacity" which had been filed. (Tr. 107). On June 25, 1993, Dr. Stoltzfus completed insurance forms stating that the plaintiff was "totally disabled for any occupation" and she had been referred to a cardiologist, Dr.

Whayne, for weakness and fever of unknown etiology, chest pains of uncertain etiology, and night sweats. (Tr. 178). The Court noted in its January, 2005 Memorandum Opinion that Dr. Whayne did find a heart murmur and an EKG abnormality, although he did not reach any conclusions. (Tr. 116-17, 123-4). A subsequent one-time examiner, Dr. A. Dahhan, also noted a systolic heart murmur on examination. (Tr. 196-7). Since there was some objective evidence that could support the treating physician's disability opinion, the Court found that the Commissioner had not followed her own regulations in giving good reasons for the weight given a treating source's opinion, citing Wilson v. Commissioner of Social Security, 378 F.3d 541, 544-5 (6th Cir. 2004) (Tr. 688).

On remand, the ALJ obtained testimony from a medical expert, Dr. Claude Garfield, a board certified specialist in Internal Medicine. (Tr. 855). Although a portion of Dr. Garfield's testimony was transcribed as "inaudible," he did clearly testify that nothing in any of Dr. Stoltzfus's reports gave any details about why the plaintiff was disabled (Tr. 865) and that the plaintiff's heart was "essentially" normal (Tr. 856). He testified that mitral valve prolapse is not a serious disorder, although part of his testimony was apparently not clear enough to be transcribed at this point, and that he thought the plaintiff's chest pain was non-cardiac in origin. (Tr. 856-7). It is also true that Dr. Whayne, in 1993, had listed his impressions as including "atypical chest pain" and "chest wall pain," and referred the plaintiff for an upper GI

series. (Tr. 120,124). The ALJ considered the medical evidence regarding the complaints of chest pain and the treating physician's disability opinion in his decision, and relied on the largely negative findings on workups and Dr. Garfield's testimony to conclude that the plaintiff did not have a "severe" physical impairment before the DLI. (Tr. 615, 618).

The procedural reasons for the Court's prior decision were clearly addressed on remand. Since the reasons given by Dr. Stoltzfus for his disability opinion were cardiac-related, substantial evidence supports the ALJ's conclusion that the treating physician disability opinion is not entitled to controlling weight.

The plaintiff now makes a different argument on appeal, suggesting that she had disabling irritable bowel syndrome during the relevant period, although apparently no actual diagnosis of this condition was made until 1998, well after the DLI, and despite a small bowel series at that time being described as normal (Tr. 376-7).[1] An unknown source at the Lexington Clinic who was evaluating the plaintiff for complaints of weakness in April, 1994 stated that she was "now troubled by diarrhea" and added "expect [patient] has irritable bowel syndrome" and suggested an agent for reducing the frequency of her stools, although the recommendation is

[1]No objection is made to the mental factors given in the ALJ's hypothetical question, which involved a limitation to only simple or detailed instructions and tasks in object-focused settings. (Tr. 875). A vocational expert (VE) testified there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies. (Tr. 875-6).

illegible. (Tr. 209). As noted previously, Dr. Stoltzfus had made a reference to recurrent diarrhea, and listed an "impression" of "irritable colon syndrome" in June, 1993 (Tr. 388), but did not list this problem as one of the reasons he was assigning disability. The plaintiff's Upper GI series in July, 1993 was performed for complaints of nausea and vomiting, and showed no abnormalities; the plaintiff reported that she had no abdominal pain, her bowel habits had not changed, and she had no rectal bleeding or black stools. (Tr. 120). By April, 1995, when Dr. Dahhan performed his consultative examination, the plaintiff was complaining of loose bowel movements, but admitted that she gained 20 pounds in the past year, which does not suggest it was a critical problem. (Tr. 192). Dr. Garfield testified that the plaintiff's diarrhea was a problem only on a periodic basis, and that the physicians investigating the problem had not taken note of the plaintiff's alcohol abuse, which Dr. Garfield felt was probably playing a significant role in a lot of her symptoms. (Tr. 857-60). The plaintiff objects that Dr. Garfield assigned too much weight to her alcohol abuse during this period, but no physician before the DLI suggested disability or even specific restrictions related to irritable bowel syndrome. Even disregarding Dr. Garfield's opinion, the mere diagnosis of a condition does not establish disability, see, e.g., Foster v. Bowen, 853 F.2d 483, 489 (6th Cir. 1988), and it is the plaintiff's burden to prove her own case. Consequently, substantial evidence supports the ALJ's conclusion that this was not a "severe" impairment.

The plaintiff's other argument is that much of Dr. Garfield's testimony was transcribed as "inaudible," making it impossible to review his testimony. While the Court was also somewhat troubled by this problem, the gravamen of the ME's testimony is obviously intact. Clearly, Dr. Garfield was stating that the plaintiff did not have any significant physical problems which would cause work-related impairment of function based on the records of examination and testing during the relevant period, apart from alcohol abuse. (Tr. 857). A remand merely in order to obtain additional testimony from Dr. Garfield restating this opinion would serve no useful purpose.

The decision will be affirmed.

This the 30 day of November, 2006.

G. WIX UNTHANK
SENIOR JUDGE